UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HEATHER CHASE,   CASE NO.: 3:20-cv-94

    Plaintiff,

V.

NORTH FLORIDA BUILDING
MAINTENANCE, LLC.,

    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, HEATHER CHASE, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, NORTH FLORIDA BUILDING MAINTENANCE, LLC (hereinafter collectively referred to as the "the Defendant"), and states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff within the district and Defendant maintains its headquarters in the Middle District of Florida.

4. The Defendant is a Florida Limited Liability Corporation where Plaintiff worked for the Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. At all times pertinent to this Complaint, the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, handles instruments of interstate commerce, goods in interstate commerce, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

6. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

7. The Plaintiff has retained the Malatesta Law Office to represent her in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

8. From March 31, 2019 through September 17, 2019, the Defendant violated the provisions of 29 U.S.C. §§ 207(a) of the FLSA by failing to pay the Plaintiff overtime.

9. The Defendant misclassified the employee as an exempt salaried employee not entitled to overtime compensation under the FLSA.

10. The Plaintiff performed non-exempt work.

11. The Plaintiff's primary duty was to perform routine cleaning services.

12. The Plaintiff's duties did not afford her access to complex issues and did not involve the use of discretion or independent judgment.

13. The Plaintiff worked a wide range of hours each week ranging from 57.5 - 95 hours depending on the needs of the business and availability of cleaning staff.

14. The Defendant has failed to keep accurate records of the Plaintiff's work hours in violation of the FLSA.

15. The Plaintiff has retained the undersigned law firm and agreed to compensate it at a reasonable hourly rate.

## COUNT I: VIOLATION OF COUNT II – VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION (FMWA)

16. The Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-15 of this Complaint.

17. Pursuant to Article X, Section 24 of the Florida Constitution and the FMWA, the Plaintiff was required to receive at least $8.50 per hour for all hours worked.

18. The Plaintiff is not an exempt employee pursuant to the FLSA & FMWA.

19. The Plaintiff was compensated at a salary of $640.00 per week.

20. The Defendant compensated the Plaintiff routinely compensated the Plaintiff at between $8.00 per hour and $6.18 per hour.

21. Plaintiff provided notice of this wage violation in accordance with the requirements of Fla. Stat. § 448.110 on December 6, 2019.

22. In response, the Defendant continued to refuse to provide the Plaintiff with the constitutional and statutory minimum wages for all hours worked.

23. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to the Plaintiff are in the possession and custody of the Defendant. The Plaintiff intends to obtain these records by appropriate discovery proceedings to be

taken promptly in this case and, if necessary, she will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due her.

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered in her favor against the Defendant:

a. Declaring that the Defendant violated Article X § 24 of the Florida Constitution and Section 448.110 Florida Statutes by failing to pay the Plaintiff at or above the Florida minimum wage for all hours worked;

b. Awarding the Plaintiff all back wages due and owing;

c. Awarding the Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation, pursuant to Article X. § 24, Fla. Const.;

e. Awarding the Plaintiff pre-judgment and post-judgment interest;

f. Finding that the Defendant willfully violated Article X. Fla. Const. and ordering the Defendant to pay a $1,000 fine to the State of Florida for such willful violation; and

g. Awarding any and all other and further relief as this Court deems just and proper.

## COUNT II: VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

24. The Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-15 of this Complaint.

25. The Plaintiff is not an exempt employee under the FLSA.

26. The Plaintiff was compensated at a set salary of $640.00 per week.

27. The Defendant compensated the Plaintiff routinely compensated the Plaintiff at between $8.00 per hour and $6.18 per hour.


28. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to Plaintiff are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

    a. Declaring that the Defendant, violated the overtime provisions of 29 U.S.C. § 207;

    b. Awarding the Plaintiff unpaid minimum wages compensation in the amount calculated;

    c. Awarding the Plaintiff liquidated damages in the amount calculated;

    d. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e. Awarding the Plaintiff pre-judgment and post-judgment interest; and

    f. Ordering any other and further relief this Court deems to be just and proper.

### COUNT III: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

29. The Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1-15 of this Complaint.

30. During the Plaintiff's employment, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of his hours.

31. Records, if any, concerning the number of overtime hours worked, the actual compensation paid to the Plaintiff are in the possession and custody of the Defendants.

The Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due her.

**WHEREFORE**, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendant:

a. Declaring that the Defendant, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding the Plaintiff overtime compensation in the amount calculated;

c. Awarding the Plaintiff liquidated damages in the amount calculated;

d. Awarding the Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding the Plaintiff pre-judgment and post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

32. Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 1, 2020.                    Respectfully submitted

By:   /s/ Frank M. Malatesta, Esq.
**FRANK M. MALATESTA, ESQUIRE**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*