# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by Plaintiff, HEATHER CHASE, to Defendant, NORTH FLORIDA BUILDING MAINTENANCE, LLC.

WHEREAS, Plaintiff filed a lawsuit in the United States District Court for the Middle District of Florida, Case No.: 3:20-cv-94-J-34JRK ("the Lawsuit"), for alleged FLSA violations against Defendant; and

WHEREAS, Defendant denies any wrongdoing and denies Plaintiff's claims, as Defendant maintains it properly compensated Plaintiff as required under the law; and

WHEREAS, "Defendant" shall include its incorporators, directors, officers, owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, representatives, successors, assigns, partners, affiliates, all current, past and future subsidiaries, parents, related and affiliated corporations, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest, or as an employer in relation to Plaintiff, including any person or entity acting with or on behalf of Defendant, personally, officially, or in any capacity whatsoever, past and present; and

WHEREAS, "Plaintiff" shall include her heirs, successors, administrators, agents, assigns and attorneys, any other parties of interest and/or representatives; and

WHEREAS, this Settlement Agreement is between Plaintiff and Defendant, and is hereinafter referred to as the "Release," or the "Agreement."

NOW, THEREFORE, in consideration of the covenants contained herein, the payment from and on behalf of Defendant to Plaintiff, and her heirs, successors, administrators, agents, assigns or attorneys, any other parties of interest and/or representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the parties hereto agree as follows:

Page 1 of 6

1.     The foregoing recitals are true and correct.

2.     **Plaintiff's Release**.  Except for the obligations contained herein, Plaintiff and her attorneys do hereby irrevocably and unconditionally release, acquit, remise, and forever discharge Defendant and all included entities listed above from any and all rights, obligations, liens, claims, damages, demands, relief, liabilities, equities, actions and causes of action for wages, overtime pay, front or back pay, minimum wage, income from any source, declaratory or injunctive relief, lost benefits, commission, liquidated damages, compensatory or punitive damages, money, remuneration, attorneys' fees, costs, expert's fees and costs, expenses, or thing of value whatsoever, by Plaintiff against Defendants, including but not limited to claims arising under or relating to:

        A.     The Fair Labor Standards Act, 29 U.S.C. §§ 201, 206 and 207, *et seq.*

        B.     Article X § 24, Florida Constitution, Florida Minimum Wage Amendment;

        C.     The Equal Pay Act of 1963;

Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all wage and employment claims against Defendant.

Except for enforcement of this Agreement, if Plaintiff should later initiate or participate in any legal action or proceeding against Defendant, for any wage and employment claim arising or accruing before and through the effective date of this agreement, which she should not, this Agreement will be conclusive evidence that any such claims have been released.

3.     **Dismissal of Civil Action**.  Upon execution of this Agreement by all parties, the parties shall electronically file a joint stipulation for dismissal with prejudice, which shall specify that each party shall bear its own attorney's fees and costs incurred in the Lawsuit, except as otherwise agreed by the parties.  The parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Lawsuit.

4.     **Settlement Payment.** As settlement for all of Plaintiff's claims against Defendant, including, but not limited to those asserted in the Lawsuit for alleged FLSA violations, total payment in the amount of Six Thousand Four Hundred Fifty Nine and 00/100 Dollars ($6,459.00) (the "Settlement Payments") shall be made by or on behalf of Defendant and must be paid as follows within ten (10) days of approval from the Court of this settlement. The settlement amounts are to be drafted as follows:

    A. Check #1 to Heather Chase in the gross amount of TWO THOUSAND and 00/100 DOLLARS ($2000.00), in consideration of alleged overtime wages, minus relevant applicable withholdings and deductions;

    B. Check #2 to Heather Chase in the gross amount of TWO THOUSAND and 00/100 DOLLARS ($2000.00), in consideration of claimed liquidated damages;

    C. Check #3 to Malatesta Law Office in the amount of TWO THOUSAND FOUR HUNDRED FIFTY NINE and 00/100 DOLLARS ($2459.00), in consideration of attorneys' fees and costs;

The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is for statutory attorneys' fees and costs under the FLSA and Florida Minimum Wage Amendment. The Plaintiff understands and agrees that such payment to her attorneys is in full and final satisfaction of any claim for attorneys' fees. Defendant makes no representation as to the tax consequences or liability arising from the payment described herein. Moreover, the parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees that she will pay any and all income tax which may be determined to be due in connection with the payment described in this paragraph.

5.     **Not an Admission of Liability.** It is understood, agreed and stipulated between

Page 3 of 6

the parties that the consideration described herein is in complete and full accord, satisfaction and discharge of disputed wage and employment claims, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendant has denied and continues to deny all such allegations.

6.      **Complete Agreement.**    This Agreement contains the entire agreement, understanding and stipulation between the parties hereto.    The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby.  The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

7.      Each of the parties warrant to each other that each has full power, authority and capacity to execute this Agreement.  The parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them.  Plaintiff warrants and represents that she is the owner of the claims asserted and has not transferred or assigned them, except as represented in this Agreement.

8.      This Agreement is deemed to have been drafted jointly by the parties.  Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party.  The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the parties have carefully read this Settlement Agreement and sign the same of their own free will.

9.      Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

10.      This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court for the Middle District of Florida, which shall retain jurisdiction to enforce this Agreement.  All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties herein.

11.      Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorneys' fees and costs.

12.      The Plaintiff shall not disclose, communicate, make public or publicize in any manner any problems, issues or concerns she perceives she may have had with the Defendant, its officers, employees (past or present) or businesses or give any information or make any statements which might tend to impugn, disparage, defame, discredit or detract from the Defendant, its officers, employees (past or present) or businesses.  Plaintiff acknowledges and agrees that this prohibition extends to statements, written or verbal, made to anyone, including but not limited to, the news media, any board of directors or advisory board or directors, competitors, strategic partners, vendors, and employees (past and present). Plaintiff shall not interfere with Defendant's relationship with, or endeavor to entice away from the Defendant, any person who was or is an employee of Defendant. Plaintiff understands and agrees that this Paragraph is a material provision of this Agreement and that any breach of this Paragraph shall be a material breach of this

Agreement, and that Defendant would be irreparably harmed by violation of this provision.

13.     This agreement may be signed in counterparts, fax copies to be considered original.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the dates

set forth below.

_____                        _____
North Florida Building Maintenance, LLC                 Heather Chase, Plaintiff

By: Stephanie Hartley                                   Date: _____May 13th 2020_____

Title: HR Manager

Date: 5/21/20