**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HEATHER CHASE,

      Plaintiff,

v.                                       Case No. 3:20-cv-94-J-34JRK

NORTH FLORIDA BUILDING
MAINTENANCE, LLC,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion and Stipulation for Approval of Settlement and Dismissal with Prejudice and Supporting Memorandum of Law (Doc. No. 11; "Motion"), filed May 21, 2020. Attached to the Motion, is a copy of an executed Settlement Agreement (Doc. No. 11-1). The Motion is referred to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Track Notice and FLSA Scheduling Order (Doc. No. 4), entered February 5, 2020, at 3.

Plaintiff commenced this action on February 1, 2020 by filing a Complaint and Demand for Jury Trial (Doc. No. 1; "Complaint") against Defendant for minimum wage violations under Article X, § 24 of the Florida Constitution and the Florida Minimum Wage

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Act, Fla. Stat. § 448.110 and for overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). See Complaint at 3-6.

In the Motion, the parties seek the Court's approval of their Settlement Agreement, and they request that Plaintiff's FLSA claims be dismissed with prejudice. Motion at 1, 6.[2] In an FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Plaintiff alleges she was employed by Defendant from March 31, 2019 through September 17, 2019. See Heather Chase's Response to Court Ordered Interrogatories (Doc. No. 9; "Response to Court's Interrogatories"), filed March 12, 2020, at 1;[3] see also Complaint at 2 ¶ 8. The Complaint states that "Plaintiff's primary duty was to perform routine cleaning services." Complaint at 2 ¶ 11. In her Response to the Court's Interrogatories, Plaintiff represents that she "was referred to as the 'manager' or 'supervisor.'" Response to Court's Interrogatories at 1. According to Plaintiff, she "was responsible for assigning specific jobs to employees when they arrived for their shifts, perform cleaning and maintenance, and be on site and available in case the client had issues." Id.

---

[2] The Motion contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

[3] The Response to the Court's Interrogatories contains unnumbered pages. Citations to it follow the pagination assigned by the Court's electronic filing system (CM/ECF).

Plaintiff estimates she is owed $1,024.00 in minimum wages and $3,295.50 in overtime wages. See Complaint at Ex. A (Dec. 6, 2019 letter from Plaintiff's counsel notifying Defendant's counsel of Plaintiff's intent to initiate litigation); Response to Court's Interrogatories at 4 (same).

In its Verified Summary of Hours Worked (Doc. No. 10), filed April 13, 2020, Defendant states that from April 10, 2019 through September 13, 2019, Plaintiff was a salaried employee and "had the authority to regulate her actual hours worked as needed." Defendant's Verified Summary of Hours Worked at 1-5.

Under the terms of the Settlement Agreement, Defendant agrees to pay Plaintiff $2,000.00 in alleged overtime wages; $2,000.00 in liquidated damages; and $2,459.00 in attorney's fees and costs. Settlement Agreement at 3.[4]

The parties agree that the Settlement Agreement "is a fair and reasonable settlement of a bona fide dispute." Motion at 2. The parties represent that "[t]here has been sufficient investigation, discovery and exchange of information to allow the [p]arties to undertake a fair and reasonable settlement." Id. at 4. The parties assert that "[t]he complexity, expense, and length of litigation heavily weigh in favor of early settlement in this case." Id. According to the parties, "Plaintiff's probability of success on the merits, the short length of Plaintiff's employment and the uncertainty that she would be awarded any amount or what such amount would be, further support the proposed compromise and show that this settlement is fair and appropriate." Id. at 4-5. The parties note that they "negotiated a general release, separate from this FLSA settlement" and that they

---

[4] Evidently, Plaintiff is not receiving any payment for the alleged unpaid minimum wages.

"exchanged separate consideration for the general release." Id. at 5 n.1; see also Settlement Agreement at 2 (general release provision).

Ordinarily, broad and extensive general releases are disfavored. See DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (recognizing that "[c]ourts typically disfavor general release clauses in FLSA settlement agreements"). Numerous courts, however, have approved non-cash concessions (such as general release clauses) in FLSA settlement agreements if they have been negotiated for separate consideration. See, e.g., Rivera v. CO2Meter, No. 6:17-cv-156-Orl-28GJK, 2018 WL 3213329, at *3-5 (M.D. Fla. June 14, 2018) (unpublished) (citing Moreno and approving settlement agreement with general release because the plaintiff received additional consideration for the release), report and recommendation adopted sub nom. Rivera v. CO2Meter, Inc., No. 6:17-cv-156-Orl-28GJK, 2018 WL 3212455 (M.D. Fla. June 29, 2018) (unpublished); Scherr v. Cooper Restaurants, Inc., No. CV 17-00338-CG-N, 2018 WL 2978046, at *2-3 (S.D. Ala. May 7, 2018) (unpublished) (approving settlement agreement with general release because the plaintiff received additional consideration); Weldon v. Blackwoods Steakhouse, Inc., No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (unpublished) (approving settlement agreement under which the plaintiff received full compensation and $100.00 in additional consideration for general release and non-disparagement provisions); Smith v. Aramark Corp., No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (unpublished) (approving settlement agreement under which the plaintiff received full compensation and additional consideration for general release, confidentiality, and non-disparagement agreement); Caamal v. Shelter Mortg. Co., LLC., 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *2, 4

(M.D. Fla. Sept. 26, 2013) (unpublished) (approving settlement agreement under which the plaintiff received full compensation and an additional $500.00 for release, non-disparagement agreement, and waiver of future employment).

Here, as noted above, the parties state that Plaintiff received additional consideration for agreeing to the conditions in the general release clause. See Motion at 5 n.1. In light of the parties' representations, the Court finds that Plaintiff has not impermissibly waived his statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354. Regarding the award of attorney's fees, the parties represent they "were agreed upon by the [p]arties separately and without regard to the amount paid to Plaintiff." Motion at 5-6; see Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Upon review of the parties' papers and the remainder of the file, the Court finds that the Settlement Agreement, including the award of attorney's fees and costs, represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[5]

After due consideration, it is

**RECOMMENDED**:

---

[5] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness [of such award] is apparent from the face of the documents." King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendant does not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

1. That the Joint Motion and Stipulation for Approval of Settlement and Dismissal with Prejudice and Supporting Memorandum of Law (Doc. No. 11) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement agreement attached to the Motion.[6]

2. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.[7]

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on June 17, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[6] This recommendation is not intended to suggest that the Court enter judgment against Defendant. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[ ] is a fair and reasonable res[o]lution of a bona fide dispute."

[7] In the Motion, the parties request "an order dismissing the FLSA claims, with prejudice." Motion at 1 (emphasis added); see also id. at 6. The Settlement Agreement, however, makes clear that the parties seek dismissal of the entire case. See Settlement Agreement at 2. Further, the parties represent in the Motion that they "have resolved the action in its entirety." Motion at 2.